# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ELIZABETH R. ILAGAN,
      Appellant,

v.

DEPARTMENT OF VETERANS
   AFFAIRS,
      Agency.

DOCKET NUMBER
SF-0752-14-0792-I-1

DATE: January 11, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Elizabeth R. Ilagan, Henderson, Nevada, pro se.

Matthew S. Voss, Esquire, North Las Vegas, Nevada, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which sustained her removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to incorporate the standards set out in the Board's decision in *Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), we AFFIRM the initial decision.

¶2        The appellant held the position of Physical Therapist for the agency's Southern Nevada Health Care System in Las Vegas, Nevada.  Initial Appeal File (IAF), Tab 4 at 24.  In August 2013, the agency reprimanded her for "Failure to Follow Instructions" and "Negligent Workmanship."  IAF, Tab 9 at 22-26.  In November 2013, the agency suspended the appellant for 3 days for "Failure to Safeguard Protected Health Information."  IAF, Tab 8 at 26, 34-35.

¶3        In May 2014, the agency proposed removing the appellant for "Failure to Recognize Contraindications."  IAF, Tab 5 at 94-96.  The proposal included five specifications, A-E.  *Id*.  The deciding official sustained four of them, B-E, and removed the appellant from service.  IAF, Tab 4 at 28-30.  The appellant filed the instant appeal.  IAF, Tab 1.

¶4        The administrative judge affirmed the appellant's removal from service, finding that the agency met its burden of proof and the appellant failed to prove any of the affirmative defenses she asserted.  IAF, Tab 20, Initial Decision (ID).  The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response.  PFR File, Tab 3.

¶5        In her petition, the appellant argues that the administrative judge committed a number of abuses of discretion by (1) insisting that she could only be represented by an attorney licensed in the state of Nevada, (2) coercing the appellant to cancel her request for a hearing due to her not having a Nevada-licensed attorney, (3) denying a request to reopen or extend the close of record, and (4) refusing to consider her untimely submissions.[2]  PFR File, Tab 1 at 2-4, 6-21.[3]  We find no merit to these arguments.

The appellant has failed to show any abuse of discretion concerning her lack of representation and the cancelling of her scheduled hearing.

¶6        The appellant alleges that the administrative judge erroneously prohibited her from designating her representative of choice and, as a result, coerced her into withdrawing her hearing request.  *See, e.g.*, PFR File, Tab 1 at 2.  In a statement made under the penalty of perjury, the agency's representative disputes the allegations.  PFR File, Tab 3 at 25-28; *see Office of Hearings and Appeals v. Whittlesey*, 59 M.S.P.R. 684, 692 (1993) (explaining that a sworn statement has greater weight than one that is not), *aff'd*, 39 F.3d 1197 (Fed. Cir. 1994) (Table).  We find no merit to the appellant's claims.

¶7        The Board's regulations permit a party to choose any representative as long as that person is willing and available to serve.  5 C.F.R. § 1201.31(b).  Absent a conflict of interest or position, the Board has held that the choice of representative is personal, and parties may choose to be represented by a nonattorney if they wish.  *See Walton v. Tennessee Valley Authority*, 48 M.S.P.R. 462, 469 (1991); 5 C.F.R. § 1201.31(a)-(b).  In addition,

_____

[2] On review, the appellant has presented no substantive challenge to the administrative judge's findings that the agency met its burden concerning proof of the charge, nexus, and reasonableness of the penalty.  We see no reason to revisit these well-reasoned findings.  *See* ID at 5-16.

[3] With her arguments, the appellant's petition contains a number of attachments, including copies of Board regulations, PFR File, Tab 1 at 24-30, and copies of exhibits from the initial appeal file, *compare id.* at 32-803, *with* IAF, Tabs 17-19.  None of the attachments appear to be new evidence.

an appellant generally is entitled to a hearing in a timely filed removal appeal within the Board's jurisdiction if she wants one. 5 C.F.R. § 1201.24(a)(3), (d), (e).

¶8        In this case, although the appellant's initial appeal included the contact information of a private attorney, she checked a box indicating that she did not yet wish to designate any individual or organization to represent her. IAF, Tab 1 at 1-2. Subsequently, the administrative judge issued an acknowledgment order, informing the appellant how she could designate a representative. IAF, Tab 2 at 2. That order, dated September 11, 2014, repeatedly referred to a "representative," without any indication that the representative had to be an attorney licensed in Nevada. *Id*.

¶9        By the time of a scheduled prehearing conference on December 17, 2014, the appellant had not yet submitted a designation of representative form or anything else to suggest that she had sought or obtained a representative. IAF, Tab 13, Prehearing Compact Disc (PCD). At the end of the prehearing conference, the administrative judge went on the record to note that the appellant was pro se and that she had withdrawn her hearing request. PCD. The appellant affirmed the same, without any objection or other indication that the administrative judge induced her choice to proceed pro se and without a hearing. PCD.

¶10       The administrative judge later issued an order summarizing the prehearing conference call, including a notation that the appellant withdrew her hearing request. IAF, Tab 14 at 1. That order provided a period during which the parties could object to the administrative judge's summary, but neither did. *See id*. at 22. The appellant proceeded to file arguments and evidence as to the merits of her appeal, without any indication that she wished to designate a representative or have a hearing. IAF, Tabs 16, 18-19. Therefore, we find the appellant's waiver of her hearing and representation rights to be clear and unequivocal. *See Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 10 (2009) (finding that an

appellant waived his right to a hearing when he clearly and repeatedly asserted that he did not want one). Under these circumstances, we find that the administrative judge did not abuse his discretion, prevent the appellant from designating a representative, or induce her to waive her hearing rights. *See, e.g.*, *Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶ 38 (2012) (determining that an administrative judge has wide discretion to control the proceedings); 5 C.F.R. § 1201.41(b) (enumerating the powers of an administrative judge, including the authority to hold prehearing conferences to simplify the issues).

The administrative judge did not abuse his discretion by denying the appellant's request to extend the close of record and refusing to consider untimely filings.

¶11    The appellant appears to argue that the administrative judge erred by denying her request to extend the close of record and refusing to consider her untimely filings. *See, e.g*., PFR File, Tab 1 at 3-4. We disagree.

¶12    Where the appellant waives a hearing, setting the deadline for closing the record is within the sound discretion of the administrative judge, but the procedures used must comport with the basic requirements of fairness and notice, including an opportunity for response to the opposing party's submissions; thus, where one party is precluded from responding to material evidence that is included in the opposing party's submission, and upon which the administrative judge relies in the initial decision, such error may warrant reversal of the initial decision. *Gavette v. Department of the Treasury*, 44 M.S.P.R. 166, 174 (1990); 5 C.F.R. § 1201.58(b). The Board's regulations provide that additional evidence or argument generally will not be accepted after the record closes unless "the party submitting it shows that the evidence or argument was not readily available before the record closed" or "it is in rebuttal to new evidence or argument submitted by the other party just before the record closed." 5 C.F.R. § 1201.58(c)(1)-(2).

¶13    Aside from her initial appeal, the appellant did not submit any argument or evidence until after the designated close of record. The parties agreed to close

the record on February 11, 2015. IAF, Tab 14 at 1; PCD. The appellant submitted her argument and evidence a day later, on February 12, 2015, without addressing her untimeliness. IAF, Tab 16. Within that already untimely submission, the appellant requested that the administrative judge extend the close of record, suggesting that the agency had some unspecified but nonetheless pertinent documents in its possession. *Id*. at 6. The administrative judge denied the request, IAF, Tab 17, but the appellant proceeded to submit two additional pleadings on February 17 and 26, 2015, IAF, Tab 18-19.

¶14 The administrative judge accepted the appellant's February 12, 2015 submission for consideration, finding that it was, arguably, in response to the agency's submission from the day before. ID at 3-4; *see* 5 C.F.R. § 1201.58(c)(2). However, the administrative judge concluded that the appellant failed to present any basis for considering the untimely filings of February 17 and 26, 2015, ID at 4, and we agree.

¶15 Concerning the February 17, 2015 submission, the appellant argues that it was key to the administrative judge understanding her defense. PFR File, Tab 1 at 3; *see* IAF, Tab 18. However, relevance alone does not excuse the untimeliness of a filing. *See Sanders v. Department of the Army*, 64 M.S.P.R. 136, 140 (1994) (finding that an administrative judge properly rejected proffered evidence where it was untimely filed without a showing of good cause), *aff'd*, 50 F.3d 22 (Fed. Cir. 1995) (Table). The appellant also suggests that she had some technical difficulties submitting the February 17, 2015 pleading through e-Appeal due to its size. PFR File, Tab 1 at 7. However, she failed to specify when those problems arose or provide any corroborating evidence. *See id*.; IAF, Tab 18 at 1. Moreover, when an appellant attempts to upload a pleading that exceeds e-Appeal's size limits, users are instructed either to reduce the file size of their pleading and try again or split their oversized pleading into multiple pleadings. The appellant failed to explain why she failed to do so. She also failed to explain why she waited 6 days after the close of

record to hand deliver the materials. IAF, Tab 2 at 3-4; *cf. Boykin v. U.S. Postal Service*, 104 M.S.P.R. 460, ¶¶ 6-7 (2007) (finding good cause for untimeliness of 1 day where the appellant alleged difficulties with e-Appeal and the Board's records confirmed a higher incidence of problems with the system during the relevant period).

¶16    Concerning the February 26, 2015 submission, the appellant alleges that the administrative judge should have considered her pleading because it was her rebuttal to the agency's final submission. PFR File, Tab 1 at 3-4; *see* IAF, Tab 19; *see also* 5 C.F.R. § 1201.58(c)(2). However, the agency and the appellant were both registered e-filers, so the appellant is presumed to have received the agency's brief on the day it was submitted, February 11, 2015. IAF, Tab 1 at 20, Tab 3 at 2; *see* 5 C.F.R. § 1201.14(m)(2) (documents served electronically on registered e-filers are deemed received on the date of electronic submission). Even if her final pleading was a rebuttal to that brief, as the appellant alleges, it still was untimely. *Compare* IAF, Tab 14 at 1 (permitting the parties to submit a rebuttal to arguments and evidence filed just before the February 11, 2015 close of record, to be received by February 18, 2015), *with* IAF, Tab 19 (appellant's final pleading, electronically filed on February 26, 2015).

¶17    In addition to the aforementioned arguments, the appellant appears to suggest that her untimeliness may have been caused, in part, by her having never been advised of her discovery rights. PFR File, Tab 1 at 7-8. Yet, contrary to that assertion, the administrative judge's acknowledgment order provided the parties with information about how to engage in the discovery process. IAF, Tab 2 at 2-3; *see Sanders*, 64 M.S.P.R. at 140 (finding that an appellant failed to establish good cause for filing untimely evidence where he did not comply with the order concerning discovery and failed to initiate discovery in a timely manner). Regarding her untimeliness, the appellant also emphasizes that she was proceeding pro se. PFR File, Tab 1 at 7, 9-10. However, inexperience with legal

matters does not warrant waiver of unambiguous filing deadlines. *See, e.g.*, *Olson v. U.S. Postal Service*, 66 M.S.P.R. 383, 387-88 (1995).

¶18    It is well established that parties ignore Board orders at their own peril. *Mendoza v. Merit Systems Protection Board*, 966 F.2d 650, 653 (Fed. Cir. 1992). Litigants are obligated to respect the Board's established deadlines. *Id*. Although the appellant would have us excuse her untimely arguments and evidence, she has failed to present any persuasive basis for doing so. Accordingly, we agree with the administrative judge's decision not to consider the untimely filings of February 17 and 26, 2015. *See* ID at 3-4.[4]

We modify the initial decision to incorporate the proper standards for the appellant's affirmative defenses of national origin discrimination, age discrimination, and equal employment opportunity (EEO) reprisal.

¶19    After the administrative judge issued the initial decision, we issued a decision clarifying the evidentiary standards and burdens of proof under which the Board analyzes the national origin discrimination, age discrimination, and EEO reprisal affirmative defenses. *See Savage*, 122 M.S.P.R. 612, ¶¶ 42-43, 51. Pursuant to *Savage*, an appellant may establish these affirmative defenses using direct evidence or any of three types of circumstantial evidence: a convincing mosaic of evidence from which a discriminatory intent may be inferred, evidence of disparate treatment of similarly situated comparators, or evidence that the agency's stated reason is not worthy of credence but rather a pretext for discrimination. *Id.*, ¶¶ 42-43. If an appellant shows by preponderant evidence that the prohibited consideration was a motivating factor in the contested personnel action, in violation of 42 U.S.C. § 2000e-16, the Board will inquire whether the agency has shown by preponderant evidence that it still would have taken the contested action in the absence of the discriminatory or retaliatory

---

[4]    The administrative judge's decision refers to filings dated February 17, 23, and 26, 2015. ID at 4. However, the February 23 filing was made part of the February 17 filing, as it merely confirmed delivery of that pleading to the agency. IAF, Tab 18 at 698.

motive. *Id*., ¶¶ 49-51. If the agency meets that burden, its violation will not require reversal of the action. *Id*., ¶ 51.

¶20    Because the factual record is fully developed on the appellant's affirmative defenses and we do not base our finding on witness demeanor, we need not remand this claim for further adjudication. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (holding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). We find that applying the analytical framework in *Savage* would not change the result in this case. Thus, based on the existing record, and for the reasons contained in the initial decision, we affirm the administrative judge's finding that the appellant did not meet her burden of proving her affirmative defenses of national origin discrimination, age discrimination, or EEO reprisal. *See, e.g.*, ID at 16-25.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemental by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. §1201.113. You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.